IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**WENDELL CRUSE,**

    **Plaintiff,**

v.                                            Case No. 3:17-cv-00797

**PAULA HOLLEY, Clerk Cabell County
W. Va. Magistrate Court; DEBBIE MCGUIRE,
Magistrate Assistant; MARK PILCHER;
MAGISTRATE FERGERSON,**

    **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

In January 2017, Plaintiff Wendell Cruse ("Cruse"), proceeding *pro se* and incarcerated at the Western Regional Jail ("WRJ") in Barboursville, West Virginia, filed a complaint pursuant to 42 U.S.C. § 1983 against employees of the Magistrate Court of Cabell County, West Virginia and Cruse's former landlord, Mark Pilcher ("Pilcher"). (ECF No. 1). Pending before the Court are Cruse's motion for the entry of default judgment against Pilcher and Pilcher's motion to set aside the entry of default against him. (ECF Nos. 29, 31). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons that follow, the undersigned **FINDS** that good cause exists to set aside the default entered against Pilcher. Accordingly, the undersigned **RECOMMENDS**

1

that the presiding District Judge **DENY** Cruse's motion for default judgment, (ECF No. 29); **GRANT** Pilcher's motion to set aside default, (ECF No. 31); and **ORDER** that Pilcher file an answer or otherwise respond to Plaintiff's complaint within ten (10) days of entry of the Court's Order.

I. <u>**Relevant Facts and Procedural History**</u>

Cruse's § 1983 complaint arises from a "wrongful occupation of residential rental property" action that Pilcher filed against Cruse in the Magistrate Court of Cabell County, West Virginia (the "wrongful occupation action"). *See* (ECF Nos. 1, 1-1, 1-2). Cruse contends that Magistrate Ferguson held a "private hearing" in the wrongful occupation action and awarded Pilcher possession of the real property that Cruse was renting from Pilcher, as well as possession of Cruse's personal belongings, which were located inside the premises. According to Cruse, the judgment against him was entered before he was served with the complaint and given an opportunity to respond or appear at the hearing. (ECF No. 1 at 3). He contends that the defendants knew he was incarcerated in the Western Regional Jail at the time of the hearing; therefore, they should have ensured prompt service of the complaint and arranged for his transport to the hearing. (*Id.* at 4). Cruse further alleges that the defendants acted in concert and conspired to deprive him of his constitutional right to due process, access to the court, and his property. (*Id.* at 4).

On May 9, 2017, Cruse filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(1), stating that Pilcher failed to respond to the complaint after being served with a summons on March 6, 2017. (ECF No. 22). At a motions hearing held on May 24, 2017, the undersigned advised Cruse that the two-step procedure to obtain a default judgment under the Federal Rules of Civil Procedure required him to ask the Clerk of Court to enter a default against Pilcher under Fed. R. Civ. P. 55(a) before Cruse could seek entry of a

2

default judgment under Rule 55(b). (ECF Nos. 25, 27). Consequently, Cruse's initial motion for default judgment was construed as the first step of the process, a request for default. On May 24, 2017, the Clerk of Court entered default against Pilcher. (ECF No. 26). Cruse then filed the pending motion for entry of a default judgment. (ECF No. 29).

Pilcher has contemporaneously moved to set aside the entry of default against him on the basis of mistake, inadvertence, surprise, or excusable neglect. (ECF No. 31 at 1). In an attached affidavit, Pilcher asserts that Cruse appealed the wrongful occupation action in the Magistrate Court to the Circuit Court of Cabell County, West Virginia. During a subsequent hearing in the Circuit Court, Cruse agreed to remove his personal property from Pilcher's rental property by May 15, 2017. (ECF No. 31-1 at 2). Pilcher indicates that he believed the wrongful occupation action was resolved and settled; therefore, he was "unfamiliar" with the separate federal court proceeding until the morning of the May 24, 2017 hearing. (*Id.*). Pilcher claims that he never received any correspondence or pleadings from Cruse. (*Id.*).

Cruse opposes Pilcher's motion to set aside the entry of default. (ECF No. 32). Cruse contends that Pilcher has not shown mistake, inadvertence, surprise, or excusable neglect. (*Id.* at 2). Cruse states that Pilcher's claim that he was unfamiliar with this action is belied by the fact that he was served with a summons by certified mail on March 6, 2017. (*Id.*). Cruse asserts that Pilcher has not carried his burden to show that the entry of default should be set aside. (*Id.*).

**II.   Discussion**

As stated, Cruse moves for entry of a default judgment against Pilcher, and Pilcher conversely moves to set aside the entry of default against him. A default judgment has not yet been entered against Pilcher. Therefore, while a similar analysis is used to evaluate his

3

request to set aside the default as would be applied if he sought to set aside a default judgment, the burden is much less onerous on Pilcher. As stated by the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), after a default judgment has been entered, a party may seek to have it set aside based on "excusable neglect" under Fed. R. Civ. P. 60(b); however, when only a default has been entered, a party may seek to set it aside under the "good cause" standard of Fed. R. Civ. P. 55(c). *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 420–21 (4th Cir. 2010). Despite the similar considerations under both analyses, the "good cause" standard is much more forgiving to defaulting parties because a final judgment has not been entered. *Id.*

The decision whether to set aside an entry of default is "committed to the sound discretion of the trial court" and should be disturbed only upon a finding of an abuse of discretion. *Lolatchy v. Arthur Murray, Inc.,* 816 F.2d 951, 954 (4th Cir. 1987). The Fourth Circuit "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton,* 616 F.3d at 417 (holding that the district court abused its discretion in denying motion to set aside entry of default). When considering a motion to set aside an entry of default, district courts assess "whether the moving party has a meritorious defense, whether it acts with reasonable promptness [in moving to set aside the entry of default], the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Id.* (citing *Payne ex rel. Estate of Calzada v. Brake,* 439 F.3d 198, 204–05 (4th Cir. 2006)). The foregoing "good cause" or *Payne* factors are liberally construed in the defaulting party's favor "in order to provide relief from the onerous consequences of defaults and default judgments." *Lolatchy*, 816 F.2d at 954 (quoting *Tolson v. Hodge,* 411 F.2d 123, 130 (4th Cir.1969)).

4

Considering the first factor, Pilcher has a potentially meritorious defense that he was not acting under color of state law when he pursued Cruse's eviction and, thus, is not subject to suit under § 1983. Cruse's complaint alleges that Pilcher, the lessor/landlord of Cruse's residence, instituted a wrongful occupation action against him in state court and conspired with the other defendants to deprive him of his property without due process of law and access to the court. "Generally, private parties are not subject to liability under 42 U.S.C. § 1983, because they do not act 'under color of' state law." *Edmond v. Maher*, No. CIV.A. DKC-07-2883, 2007 WL 5391046, at *2 (D. Md. Nov. 13, 2007) (citations omitted). Thus, "[w]hen addressing whether a private party acted under color of law, a court starts with the presumption that private conduct does not constitute governmental action." *Id.*

The undersigned recognizes that in certain circumstances private parties may be sued under § 1983 because of their joint action with the state or its agents. *See, e.g., Edmond*, 2007 WL 5391046, at *2–3 (discussing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982) and other cases in which a private party can be sued under § 1983). In this case, however, while Cruse claims that Pilcher acted in concert with state actors, he fails to include any factual allegations in the complaint that support a finding of conspiracy. Courts in this circuit have found that a bare assertion that a private party conspired with a state actor is insufficient to state a claim under § 1983. For instance, in *Lee v. Patel*, 564 F. Supp. 755, 760 (E.D. Va. 1983), the court recognized that a private party engaged in joint action with the state or its agents may be deemed to act under the color of state law; however "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Id.* (quoting *Dennis v. Sparks,* 449 U.S. 24, 28 (1980)).

5

Also, in *Manship v. Trodden*, No. 1:07CV772 (TSE/TCB), 2007 WL 3143559, at *3 (E.D. Va. Oct. 22, 2007), *aff'd*, 273 F. App'x 247 (4th Cir. 2008), the court held that a § 1983 plaintiff failed to show that private individuals either engaged in state action or conspired with state actors to deprive him of his constitutional rights, noting that the plaintiff did not allege that any of these defendants were employed by or doing business on behalf of the State; that their acts or omissions were caused by the exercise of any right or privilege created by the state; that the state had any responsibility for them; or that they could be fairly labeled as state actors. The court further stated that "although [the] plaintiff claims numerous times throughout the course of his amended complaint that these defendants conspired to deprive him of various rights protected by the Constitution, such claims amount to no more than 'naked' assertions of conspiracy insufficient to sustain an action under § 1983." *Id.* Accordingly, the court held that the plaintiff failed to show that the defendants "were either engaged in state action or conspired with state actors to deprive plaintiff of his constitutional rights" and "his claims against [those] defendants must be dismissed for failure to state a claim." *Id.*

Moreover, while a property owner can be construed to act under color of state law in connection with the provision of public housing, both parties' affidavits in this matter indicate that this was a routine residential rental contract, between private individuals and without supplemental state funding or involvement. (ECF Nos. 31-1 at 1, 32 at 3). In *Owen-Williams v. Palmer*, No. PJM 09-2293, 2010 WL 761123, at *2 (D. Md. Feb. 26, 2010), the court held that a plaintiff failed to state a claim under § 1983 when suing private parties for an allegedly wrongfully eviction resulting from a landlord-tenant proceeding in state court. The court noted that "[p]rivate activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it to state action" and

"[m]ere approval of or acquiescence in the initiatives of a private party is insufficient." *Id.* (internal quotation marks omitted) (quoting *Wahi v. Charleston Area Med. Ctr., Inc.,* 562 F.3d 599, 616 (4th Cir. 2009)). As stated by the court, "[s]pecifically regarding an eviction by a private landlord, the court must find substantial additional state involvement. *Id.* (citing *Joy v. Daniels,* 479 F.2d 1236, 1239 (4th Cir.1973) (finding state action where private landlord received rent subsidies, mortgage benefits, and utilized state eviction procedures against plaintiff). The court held that "[a]ssuming all allegations in the Complaint as true, there is no indication of substantial additional state involvement beyond the eviction proceedings" and consequently the court found that the actions alleged were not under the color of state law and the plaintiff failed to state a claim under § 1983. *Id.* As such, to assert a *prima facie* claim against Pilcher under § 1983, Cruse must allege facts that would demonstrate some governmental involvement or connection. *See, e.g., Conway v. Hous. Auth. of City of Asheville*, 239 F. Supp. 2d 593, 599 (W.D.N.C. 2002) (holding that public housing tenants have a private right of action to enforce their grievance procedure under § 1983); *Mays v. Raynor & Assocs.*, No. 5:15-CV-177-FL, 2015 WL 6759951, at *5 (E.D.N.C. Oct. 12, 2015) (recognizing that "certain actions against a Section 8 tenant by a private landlord constitute state action for the purpose of § 1983 since Section 8 is a quasi-public program [...]"). Therefore, the first factor supports setting aside Pilcher's default.

Turning to the remaining factors, Pilcher's reasonable promptness in responding to the entry of default also weighs in his favor. Pilcher appeared at the first hearing held in this action and explained his confusion over contemporaneous state and federal proceedings involving the same tenant and same piece of rental property. Within nine days after the Clerk of Court entered a default against Pilcher, he moved to set it aside.

7

(ECF Nos. 26, 27, 31); *see, e.g., Capital Concepts, Inc. v. CDI Media Grp. Corp.*, No. 3:14-CV-00014, 2014 WL 3748249, at *6 (W.D. Va. July 29, 2014) (discussing that district courts in the Fourth Circuit have found a defendant to be reasonably prompt when waiting 16, 17, 21, and 32 days after default was entered before attempting to set it aside) (markings and citations omitted); *Colleton*, 616 F.3d at 418 (agreeing that the plaintiff acted with "requisite promptness and diligence in seeking to set aside the entry of default when it acted within nine days after its counsel learned of the existence of the case.").

With regard to the other factors, Pilcher appears to have some degree of personal responsibility for his default. Pilcher claims that he did not receive any pleadings or correspondence from Cruse; however, someone accepted delivery of the summons addressed to Pilcher, (ECF No. 28), and he does not allege insufficient service. *See Turner v. Lowden*, No. CIV.A. RDB-12-1372, 2013 WL 5634325, at *4 (D. Md. Oct. 15, 2013), *aff'd*, 559 F. App'x 227 (4th Cir. 2014) ("[F]ailure to effectuate proper service of process would constitute 'good cause' for purposes of Rule 55(c)) (citing *Hearron v. Premier Mfg. Support Servs., Inc.,* 2010 WL 4921789, at *2 (D.Kan. Nov.29, 2010) (setting aside default where defendant was not properly served)). Therefore, Pilcher's personal responsibility for the default weighs against him. Nevertheless, Pilcher's personal responsibility is only one factor and is not dispositive. *See, e.g., Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 720 (D. Md. 2001) (The fact that the defendant may be culpable for the default does not preclude relief under Rule 55(c)).

Looking at whether Pilcher has a pattern of dilatory conduct, the undersigned notes the absence of allegations by Cruse that Pilcher failed to participate or caused any delay in the related state court proceedings. In the instant action, Pilcher acted with reasonable promptness in rectifying his failure to appear. Accordingly, there is no

8

evidence of dilatory conduct, and the absence of such evidence weighs in favor of excusing default. *See, e.g., Colleton*, 616 F.3d at 418 (noting that the district court found "no other instances of dilatory action" by the defaulting defendant).

Further, there is no evidence that Pilcher's delay in responding to the summons and complaint has prejudiced Cruse. "[D]elay in and of itself does not constitute prejudice to the opposing party." *Colleton,* 616 F.3d at 418. Rather, the court must determine whether the delay resulted in missing witnesses, deceased witnesses, lost or unavailable records, or loss of other key evidence. *Lolatchy*, 816 F.2d 951, 952; *Peche v. Keller*, No. 1:11CV362, 2012 WL 2128095, at *11 (M.D.N.C. June 12, 2012). Here, Cruse makes no showing that Pilcher's default foreclosed him from presenting evidence or proceeding to trial. Given that this case is in its early stages and a scheduling order has not been entered, Cruse is hard-pressed to demonstrate prejudice. Therefore, this factor weighs in favor of setting aside Pilcher's default.

As to the final factor of the analysis, neither party addressed the imposition of alternative sanctions to account for Pilcher's default. A common alternative sanction in cases like this one is an award of attorney's fees to the party obtaining the default. *See, e.g., Vick v. Wong*, 263 F.R.D. 325, 331 (E.D. Va. 2009) (collecting cases). However, as Cruse did not incur attorney's fees, such an option is neither appropriate nor effective. As Cruse offers no argument for any sanction less severe than default judgment, and the undersigned finds that default judgment is far too drastic a remedy in this case, other sanctions need not be considered.

Therefore, in light of the foregoing factors and recognizing an overriding interest in disposing of the case on the merits, the undersigned **FINDS** that good cause exists to excuse Pilcher's default in this case and **RECOMMENDS** that Cruse's motion for default

9

judgment be denied and the entry of default against Pilcher be set aside.

### III.     Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Cruse's motion for default judgment, (ECF No. 29), be **DENIED**; that Pilcher's motion to set aside default, (ECF No. 31), be **GRANTED**; and that Pilcher be **ORDERED** to file an answer or otherwise respond to the complaint within ten (10) days of the entry of the Court's Order.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff.

**FILED:** July 24, 2017

_____
Cheryl A. Eifert
United States Magistrate Judge